**Larry Lee PARKS, Appellant,**
v.
**The STATE of Oklahoma, Appellee.**
**No. A–17704.**

Court of Criminal Appeals of Oklahoma.
Oct. 18, 1972.

Pat Phelps, Durant, for appellant.

Larry Derryberry, Atty. Gen., Michael Cauthron, Asst. Atty. Gen., John C. Williams, Legal Intern, for appellee.

## OPINION

BUSSEY, Presiding Judge.

Appellant, Larry Lee Parks, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Bryan County, Oklahoma, for the offense of Forgery in the Second Degree; his punishment was fixed at two (2) years imprisonment and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, C. M. Mauldin testified that he had a checking account at the First National Bank in Durant, Oklahoma and had maintained it since 1931. He tes-

tified that the signatures, as Payees, on State's Exhibit 1 (the basis of the charge), State's Exhibit 2 and State's Exhibit 3, were not his signature nor had he authorized anyone to sign his name to the check. On March 30, 1972 he was using personalized checks. State's Exhibit 1, 2 and 3 were not personalized checks.

Jean VanArsdell testified that on March 30, 1972 she was employed as a teller at the First National Bank in Durant. The defendant was in a car with two other persons and she wrote down the tag number and description of the vehicle.

Sally Tucker testified that she was employed as a drive-in teller at the First National Bank. She cashed State's Exhibit 2 and 3 but was unable to identify the person or persons cashing them.

Carolyn Willeby testified that she was a co-defendant in the case and had previously entered a plea of guilty. She further testified that the defendant and Co-defendant Rutledge went to the First National Bank and obtained some blank checks on March 30. They went to the defendant's home and she wrote out the checks in the presence of the defendant and Co-defendant Rutledge. She and Co-defendant Rutledge borrowed defendant's car and went to the bank and cashed one check. All three of them were present when a second check was cashed at the bank.

 The sole proposition asserts that the evidence was insufficient to sustain a conviction. From the foregoing statement of facts, we are of the opinion that the evidence was sufficient to support the verdict of the jury. The accomplice Willeby's testimony was corroborated by Jean VanArsdell, who identified the defendant as being the person who cashed State's Exhibit 1. State's Exhibit 2 and 3, which were substantially identical to State's Exhibit 1, were properly admitted as tending to show common scheme or plan.

The judgment and sentence is affirmed.

BRETT, J., concurs.